## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**MITCHELL HARRIS,**

        **Plaintiff,**

        **v.**                                **Case No. 07-C-274**

**RICK MONGOMERY AND**
**SCOTT KRAUS,**

        **Defendants.**

### ORDER ON THE MOTION TO PROCEED IN FORMA PAUPERIS

      On March 21, 2007, Mitchell Harris ("Harris") filed a pro se complaint against the defendants. Accompanying Harris' complaint was a motion for leave to proceed in forma pauperis.

      Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Harris is unable to pay the $350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Based upon a review of the financial information included in the affidavit accompanying Harris' petition, Harris' income exceeds his expenses by nearly $600 per month. Additionally, Harris twice lists credit card payments as a monthly expense, once indicating an obligation of $235 per month and later stating that this obligation is for $350 per month. Therefore, based upon the information contained in Harris' affidavit, the court finds that Harris is not indigent and able to pay the filing fee.

However, even if this court were to determine that Harris is indigent, the court would be unable to grant Harris' motion to proceed IFP. Harris indicates in his complaint that this is not the first lawsuit he has initiated in federal court regarding this same occurrence. Harris states that a prior lawsuit was filed on August 29, 2006 and is still pending. A review of court records indicates that Harris filed case number 06-C-924 on August 29, 2006. On December 29, 2006, Judge J.P. Stadtmueller dismissed with prejudice pursuant to Civil L.R. 41.3 for Harris' failure to submit any response to the defendants' motion to dismiss. Judge Stadtmueller permitted Harris to request that the case be reopened within 20 days and within this time period Harris submitted a two sentence letter stating that he did not comply with the time limits because of difficulty serving the defendants. Judge Stadtmueller found this explanation insufficient and denied Harris' request to reopen the case. Thus, Harris is prohibited from re-litigating the same claims that have been dismissed with prejudice in another case. As such, Harris' present complaint fails to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Harris' motion to proceed in forma pauperis is **denied**.

**Within 10 days of the date of this order**, Harris shall pay the $350.00 filing fee. If Harris fails to pay the filing fee within 10 days of the date of this order, Harris' complaint shall be dismissed.

Dated at Milwaukee, Wisconsin this 27th day of March, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge