# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MITCHELL HARRIS,**

        Plaintiff,

        v.                        Case No. 07-C-274

**RICK MONTGOMERY and
SCOTT KRAUS,**

        **Defendants.**

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On March 21, 2007, Mitchell Harris ("Harris"), proceeding pro se, filed a complaint against the defendants. Accompanying Harris' petition was a motion to proceed in forma pauperis, which this court denied on the grounds that Harris filed an earlier lawsuit related to the same claims he seeks to raise in this lawsuit, which was dismissed with prejudice pursuant to Civil L.R. 41.3 for Harris' failure to submit any response to the defendants' motion to dismiss. Nonetheless, upon this court denying his motion to proceed in forma pauperis, on April 5, 2007, Harris paid the filing fee, thereby permitting this case to proceed.

On August 6, 2007, the Clerk of Courts notified Harris that his case would be dismissed unless proof of service was filed with the court within twenty days. Harris timely returned the summonses served upon the defendants and on August 13, 2007, the Clerk of Court wrote to Harris inquiring as to the status of the case. On August 21, 2007, Assistant United States Attorney Lisa Warwick filed a letter stating the proper defendant is the United States Postal Service, which means that service must be made on the United States Attorney and the Attorney General. Since neither had been served, the defendants would not be filing an answer. On August 23, 2007, this court

wrote to the parties suggesting that they confer to see if it was possible to resolve this dispute over who was the proper defendant to serve, since the named defendants had been served. On September 6, 2007, Harris filed a motion to appoint counsel, which the court denied on September 18, 2007.

On October 2, 2007, this court wrote to the parties that it will dismiss this case pursuant to Civil L.R. 41.2 unless a responsive pleading by the defendants or motion for default by the plaintiff was filed within twenty days. On October 15, 2007, Harris filed a motion for default judgment and on October 18, 2007, the named defendants filed a motion to substitute parties, as well as a motion to dismiss. The plaintiff has failed to respond to the defendants' motions. The pleadings on the parties' motions are closed and the matters are ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

**ANALYSIS**

On August 29, 2006, Harris filed suit against Rick Montgomery, Dave Tomsyck, and Scott Kraus alleging that they breached a September 25, 2002 settlement agreement. (Harris v. Montgomery, Case No. 06-C-0924 (E.D. Wis.)).

Pursuant to the settlement agreement, Harris agreed to release his claim that his employer, the United States Postal Service ("USPS), discriminated against him on the basis of his age and race when it suspended his work-related driver's license. In exchange, the USPS paid Harris $5,000.00 in compensatory damages and $1,000.00 in attorney's fees, and the USPS agreed to expunge any documents associated with the suspension from Harris' Official Personnel Files ("OPF"). (See Settlement Agreement ¶ 5) ("Any documents associated with the complainant's mule license suspension from November of 2000, will be expunged from Complainant's Official Personnel Files (OPF).")

On May 5, 2003, the USPS suspended Harris' "Powered Equipment Privileges" on the basis that Harris was involved in a "third PIT accident." By letter dated May 8, 2003, Harris argued that

the USPS improperly considered incidents that were to be expunged from his official personnel files. In an October 31, 2003 decision, the USPS determined that it had not breached the settlement agreement because the record of Harris' suspension was removed from his official personnel files, but the agreement did not absolve Harris of the accidents or direct the expungement of records contained in the Safety Office that the accident occurred.  Harris timely appealed the decision to the Equal Opportunity Commission's Office of Federal Operations ("OFO"), and on April 12, 2004, the OFO affirmed the agency's finding of no breach of the September 25, 2002 settlement agreement. The OFO's letter also informed Harris that he had the right to file a civil action in an appropriate United Stated District Court within ninety (90) calendar days from the date that he received the decision.  (OFO letter 3.)

More than two years later, on August 29, 2006, Harris filed suit in federal court alleging the following:

> If all documents associated with the mule license suspension from 11/2000 was [sic] expunged from my official personnel files, I would not have received a 3rd pit accident dated 5/5/03.  Therefore Item #5 was not settled in good faith.  I have asked Rick Montgomery, Dave Tomsyck and Scott Krause to arrange my testing, for a driving instructor's position over and over.  I am told I have too many accidents.

(Compl. 3, Aug. 29, 2006.)

On November 14, 2006, the defendants filed a motion to substitute John E. Potter, Postmaster General, as the proper party defendant as well as a motion to dismiss the complaint for failure to state a claim upon which relief may be granted.  Specifically, the defendants argued that Harris' complaint is untimely because he failed to file it within 90 days of receipt of the April 12, 2004 decision of the Office of Federal Operations ("OFO").  See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  Harris filed no response to the motion to dismiss.  Consequently, on December 29, 2006, the court dismissed the action with prejudice for lack of diligence pursuant to Civil Local

3
Case 2:07-cv-00274-AEG   Filed 11/15/07   Page 3 of 6   Document 23

Rule 41.3. The court elected to dismiss the action with prejudice, rather than without prejudice, because the defendants had expended time and effort filing a motion to dismiss for failure to state a claim, and the motion demonstrated that Harris' action lacked probable merit. The court notified Harris that he may request reinstatement of the action within 20 days from the date of this order. Harris moved to reopen the action, stating "I Mitchell Harris (plaintiff) request to reinstate this action. I did not file within the time frame, because of the difficulty in serving the defendants." The court determined that Harris' explanation offered the court no basis to excuse his lack of diligence in responding to the motion to dismiss. The court also determined that Harris did not explain why his complaint should not be dismissed as untimely:

> Even if the court had reopened this action, however, the plaintiff's response is too little. Setting aside the plaintiff's failure to submit an affidavit, the plaintiff does not explain what efforts, if any, he made to serve the defendants at an earlier date. Nor does he contend, for example, that the defendants evaded service. The plaintiff does not point to any authority that would allow this court to excuse an untimely complaint simply because the plaintiff is *pro se* and has a limited understanding of the legal system.

(Order 2, Feb. 1, 2007.) On February 1, 2007, the court denied Harris' motion to reopen.

Instead of appealing the court's decision, Harris re-filed his complaint, which forms the basis for the present case. Because the court dismissed Harris' earlier suit with prejudice, Harris' currently pending suit is barred by the doctrine of res judicata. See Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata."). Res judicata requires: (1) a judgment on the merits in an earlier suit; (2) the same parties in both suits; and (3) the same causes of action in both suits. Central States, Southeast and Southwest Areas Pension Fund v. Hunt, 296 F.3d 624, 628 (7th Cir. 2002). In this case, the first requirement is satisfied because a dismissal with prejudice for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b); LeBeau v.

Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989). The second requirement is satisfied because Harris is suing Montgomery and Kraus, the same defendants that he named in his earlier filed suit. The third requirement is satisfied because Harris indicates that the suit relates to the same occurrence involved in the earlier filed action.

Harris was presented with a variety of options to prosecute his earlier filed action. He could have timely responded to the defendants' motion to dismiss; or, in response to the court's order of dismissal, he could have articulated a reason for his failure to prosecute, demonstrating a basis upon which the court may have excused the untimeliness of his complaint; or Harris could have filed a timely notice of appeal from this court's orders. Harris exercised none of these options, and the presently pending action must be dismissed based upon res judicata. Harris may not collaterally attack the court's orders in the previously filed action by filing a second suit. See Federal Election Com'n v. Al Salvi for Senate Committee, 205 F.3d 1015, 1020 (7th Cir. 2000) ("The Commission cannot use review of the dismissal of the second action to revisit decisions in the first action that it should have challenged directly.").

Moreover, even if Harris were to prevail on a challenge to this court's prior order dismissing his case on the merits for failure to prosecute, the court would remain unable to reach the merits of his claim because he failed to file his first action within 90 days of receipt of the OFO decision. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(c); Holmes v. Potter, 2007 WL 778307 at *4 (N.D. Ind. Mar. 12, 2007) (analyzing a claim for a breach of a settlement agreement). Harris has not demonstrated that equitable tolling is warranted nor has he raised any other defense that would excuse his late filing. Therefore, his complaint in the first-filed action was untimely and subject to dismissal whether or not Harris failed to prosecute the action.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss is **granted**, and the plaintiff's complaint and this action shall be dismissed.

**IT IS FURTHER ORDERED** that the defendants' motion to substitute parties is **denied as moot**.

Dated at Milwaukee, Wisconsin this 15th day of November, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge